■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK WARREN SMALL, Appellant.— This is an appeal by the defendant from a judgment of conviction, and the sentence imposed thereon, by the County Court of Cortland County, after a trial in which the jury found the defendant guilty of 19 charges of forgery in the second degree. Defendant was first sentenced as a fourth felony offender to imprisonment for a period of 15 years to life on three counts, such sentences to run concurrently. Sentences on the remaining 16 counts were suspended. After appropriate proceedings defendant was resentenced as a third felony offender to terms of from 5 to 10 years on each of 3 counts, such sentences to run consecutively and not concurrently. Defendant argues that he was prejudiced by being held at a police station where witnesses viewed him and later identified him as the offender. We see nothing illegal or prejudicial in this practice. All of the circumstances surrounding this method of identification were before the jury, and it was for the jury to weigh the testimony. The testimony of a handwriting expert called by the People is attacked on the ground that the witness was not qualified as an expert, and further that one of the exhibits he used for the purpose of comparison referred to the fact that defendant has been on parole and hence was prejudicial. This testimony came in without objection although the defendant was represented by able counsel. Under the circumstances we do not regard the use of the exhibit complained of as reversible error. So far as the qualifications of the witness are concerned his testimony established prima facie, at least, that he had sufficient training and experience to testify as a handwriting expert, and moreover he was examined at great length without the slightest objection on the part of defendant's counsel. The record does not indicate that the Trial Judge, at the time recesses were taken, admonished the jury about conversing on any subject connected with the trial, or forming any opinion thereon, until the cause was finally submitted, in conformity with section 415 of the Code of Criminal Procedure. This was error but we do not think it was reversible error. No question appears to have been raised on the subject during the trial and no untoward incident occurred, so far as the record shows, that was in any way prejudicial to the defendant and hence it cannot be justly said that his substantial rights were impaired. (*People* v. *Rugg,* 98 N. Y. 537.) Judgment on appeal must be given without regard to technical errors or defects which do not affect the substantial rights of a party (Code Crim. Pro., § 542). It is unnecessary to discuss the other alleged errors complained of respecting the merits of the trial, such as the place where the jury may have deliberated and the polling of the jury when the verdict was returned. We have examined such matters and find no causes therein for reversal. The resentence of defendant was brought about as the result of a habeas corpus proceeding brought on by the defendant himself. It was then discovered that he was not a fourth offender and a new sentence was imposed against him as a third offender. This procedure was proper. However, we are constrained to modify the judgment of conviction insofar as the prison sentences are concerned by directing that they are to run concurrently rather than consecutively (Code Crim. Pro., § 543; Penal Law, §§ 887, 888, 1941, 2190). Judgment of conviction modified on the law and the facts by directing that the prison sentences imposed are to run concurrently and not consecutively, with credit for time already served, and as thus modified the judgment of conviction is affirmed. Foster, P. J., Bergan, Coon and Zeller, JJ., concur; Halpern, J., concurs in the result.