THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TOMMY ROBINSON, Appellant.— Judgment entered in the Supreme Court, New York County, on February 25, 1972, convicting defendant, after a jury trial, of assault in the second degree, possession of a weapon as a felony and as a misdemeanor, and sentencing him to a maximum of seven years in prison on the assault conviction and lesser, concurrent sentences on the other convictions, unanimously reversed, on the law, and the matter remanded for a new trial. Defendant testified at his trial that the had fired the shots that wounded William Freeman, the complainant. His entire defense was one of justification. In essence, defendant claimed that after loudly cursing him, Freeman lunged at him with a knife; defendant stepped back but complainant lunged at him a second time. Defendant further claimed that, fearful of his life, he then shot and wounded the complainant. On this record we find that defendant sufficiently raised the defense of justification to entitle him to a submission of the issue to the jury. Defendant was therefore entitled to a charge that the prosecution

has the burden of disproving the defense of justification beyond a reasonable doubt. (See Penal Law, § 25.00, subd. 1; *People* v. *Riordan,* 117 N. Y. 71; *People* v. *Steele,* 26 N Y 2d 526.) Instead, the trial court charged: "It is the claim of the defendant in this case that he acted in self-defense. The burden rests with the People to establish beyond a reasonable doubt that this defendant acted with criminal intent." This charge was inadequate on the only issue tendered by the defendant. We, therefore, reverse and order a new trial. Concur — Stevens, J. P., Murphy, Lane, Nunez and Yesawich, JJ.