## SECOND DEPARTMENT, DECEMBER, 1977

### (December 7, 1977)*

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v DAVID R. BERKOWITZ, Defendant.—Motion by defendant, pursuant to CPL 230.20, to remove the trial of Indictment No. 2673 from the Supreme Court, Kings County, to the Supreme Court in another county in New York State, preferably Sullivan County. Motion denied. The widespread publicity generated by this case has not been restricted to Kings County. Indeed there are few areas of the country in which the media has not carried numerous detailed accounts of the matter. Under the circumstances, we believe that transferring this case to Sullivan County, or any other county in this State, would not succeed, to any significant degree, in mitigating the effects of such publicity. The population of Kings County at present is approximately 2,500,000. Given the size and diverse nature of this populace, we cannot agree with defendant that there is reasonable cause to believe that a fair and impartial trial cannot be had in Kings County (cf. CPL 230.20, subd 2). Such prejudice and/or predisposition as exists, if any, may be ascertained by defendant's attorneys upon questioning of prospective jurors and dealt with accordingly. Gulotta, P. J., Hopkins, Latham and Margett, JJ., concur.

## SECOND DEPARTMENT, APRIL, 1978

### (April 24, 1978)**

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG KELLY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 8, 1977, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. In our opinion the defendant sufficiently raised the defense of justification under section 35.15 (subd 1, par [b]) of the Penal Law so as to require the trial court to instruct the jury that the prosecution had the burden of disproving the defense of justification beyond a reasonable doubt (see *People v Steele,* 26 NY2d 526; *People v Robinson,* 47 AD2d 618; *People v Soto,* 38 AD2d 734). The failure to so charge was reversible error. Titone, J. P., Suozzi, Margett and O'Connor, JJ., concur.

---

* Not published with other decisions of December 7, 1977, 60 AD2d 587. [Rep.
** Not published with other decisions of April, 1978, 62 AD2d 1045. [Rep.