■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD L. BURNS, Appellant. — Judgment unanimously reversed, as a matter of discretion in the interest of justice, and a new trial granted. Memorandum: Defendant was convicted, following a jury trial, of manslaughter in the first degree and possession of a dangerous weapon. He was sentenced as a second felony offender to 12 1/2 to 25 years on the manslaughter conviction and 3 1/2 to 7 years on the weapons conviction to run concurrently. On this appeal defendant sets forth numerous arguments for reversal or modification of the judgment. We have examined each of these assertions and find several to have merit. Defendant was originally indicted and charged with murder and possession of a dangerous weapon. These charges arose out of an incident that occurred in a tavern in

Geneva, New York, on December 22, 1973 during which defendant shot and killed one Walter Scott. At trial the evidence indicated that defendant had known the victim for a dozen years and had had trouble with him on prior occasions. On the day in question the defendant and the victim became involved in an argument while both were patrons at the tavern. Although blows were not struck, the two men exchanged obscenities and threats. Defendant left the tavern but returned a short time later. The argument began anew with defendant and the victim shouting insults at each other across the room. At least half a dozen eyewitnesses saw defendant suddenly pull out a gun from his shirt and fire two shots, one of which struck the victim in the head and killed him. Defendant testified in his own defense that he fired the gun in self-defense as the victim, who had a known tendency for violence and who always carried a weapon, advanced toward him with his hand in his pocket. Defendant also maintained, alternatively, that the bullet which struck the victim was the result of an accidental shooting. Defendant maintained that he fired the gun once in the air as he was backing away from the victim who was approaching him and making threatening and disparaging remarks. The evidence shows that a bullet entered the ceiling. Defendant testified that he did not intend to fire again, but the gun went off, possibly when someone else grabbed his arm and attempted to wrest the gun away. On this record we find that defendant sufficiently raised the defense of justification to entitle him to a submission of the issue to the jury. Although the trial court instructed the jury by reading verbatim the statutory section on justification (Penal Law, § 35.15, subd 1), the court neglected to advise the jury that the People had the burden of disproving the defense of justification beyond a reasonable doubt (Penal Law, § 25.00, subd 1). While defense counsel made no appropriate exception or further request to charge, on this record, in view of the fact that justification was a central issue in this case, we conclude that the court's charge on justification was inadequate, depriving defendant of a fair trial (*People v Davis,* 74 AD2d 607; *People v Robinson,* 47 AD2d 618). This is so notwithstanding the fact that the evidence adduced by the defense suggested alternative and inconsistent defenses (*People v Davis, supra; cf. People v Steele,* 26 NY2d 526). That the jury was troubled by this issue is clear by its note to the court inquiring, "Are self-defense and not guilty one and the same?" (Cf. *People v Rivera,* 74 AD2d 589.) Accordingly, failure to instruct the jury that the prosecution had the burden of disproving the defense of justification beyond a reasonable doubt constituted reversible error (*People v Davis, supra; People v Kelly,* 64 AD2d 955; *People v Robinson, supra*). Additionally, we note that the prosecutor was improperly permitted to impeach his own witnesses by reading to the jury portions of their prior statements or Grand Jury testimony (CPL 60.35, subd 3; *People v Reed,* 40 NY2d 204, 207). In view of the errors, we conclude that the judgment must be reversed as a matter of discretion in the interest of justice (CPL 470.15, subd 6, par [a]) and a new trial granted. (Appeal from judgment of Ontario County Court — manslaughter, first degree, and another charge.) Present — Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.