■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LIVINGSTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), entered December 1, 1982, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

While the evidence at trial supports the jury's verdict, we are compelled to reverse the judgment of conviction because the defendant was deprived of a fair trial. On cross-examination of the defendant, the prosecutor asked him about his membership in a gang called the "Untouchables". As there was no discernable connection between such membership and the crimes with which the defendant was charged, these questions were improper and highly prejudicial (see, People v Stewart, 92 AD2d 226; People v Torres, 72 AD2d 754). The prosecutor also asked the defendant about his failure to come forward with an exculpatory version of the events prior to

trial. Such questioning was improper and highly prejudicial as the jury may be prone to construe such silence as an admission and, as a consequence, may draw an unwarranted inference of guilt *(see, People v Conyers,* 52 NY2d 454, 459). Although this second error was not objected to at trial, and the defendant has therefore failed to preserve this issue for appellate review, we nevertheless consider it in the interest of justice due to the absence of any curative instructions and the fact that the defendant's credibility was a crucial issue in this case.

In addition, there were errors in the trial court's charge to the jury. The trial court failed to instruct the jury that the People had the burden of proving *each element* of the crimes charged beyond a reasonable doubt *(see,* CPL 70.20; *People v Newman,* 46 NY2d 126; *People v Oquendo,* 121 AD2d 570; *People v Roldos,* 112 AD2d 388), and of disproving the justification defense beyond a reasonable doubt *(see, People v Steele,* 26 NY2d 526; *People v Kelly,* 64 AD2d 955).

As the evidence of the defendant's guilt was not overwhelming, the improper acts by the prosecutor, combined with the errors in the charge, had the cumulative effect of depriving the defendant of a fair trial. Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.