OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered.
 

 Defendant was convicted after a jury trial of several charges including attempted murder and robbery stemming from the holdup of a numbers parlor in Brooklyn. In its charge to the jury the court failed to explain the essential elements of the several charges. Nor did it instruct the jury that the prosecution had the burden of proving beyond a reasonable doubt every element of the offenses charged. Instead, the court after posing the rhetorical question, "Now, what do the People have to prove beyond a reasonable doubt”, proceeded simply to read the statutory definitions of these crimes
 
 (compare, e.g.,
 
 2 CJI [NY] PL 160.15 [2], at 929). Defendant excepted to the charge and requested "that the court indicate as to each crime charged in the indictment, what the elements are of each crime [and] that they must be proven beyond a reasonable doubt.” The court refused the request to charge and defendant was convicted. The Appellate Division affirmed, without opinion.
 

 The charge was fatally defective. The Criminal Procedure Law mandates that "[i]n its charge, the court must state the fundamental legal principles applicable to criminal cases in general [including] the requirement that guilt be proved beyond a reasonable doubt” (CPL 300.10 [2]) and that "[n]o conviction of an offense by verdict” may stand "unless based upon trial evidence which is legally sufficient and which establishes beyond a reasonable doubt
 
 every element of such offense and the defendant’s commission thereof”
 
 (CPL 70.20; emphasis added).
 

 In
 
 People v Newman
 
 (46 NY2d 126), decided three years before defendant’s trial, we found a charge defective when the court failed to properly advise the jury "that the burden of proving guilt beyond a reasonable doubt attached to each material element of the crimes rather than merely to some generalized concept of the crimes as a whole”
 
 (id.,
 
 at 129;
 
 see,
 
 
 *862
 
 1 CJI [NY] 3.07, 3.07A, at 91). Here, despite our holding in
 
 Newman,
 
 the trial court gave the jury an obviously inadequate charge and refused an opportunity to correct it when defense counsel objected. Failure to deliver a proper charge on reasonable doubt as mandated by statute (CPL 300.10 [2]; 70.20) is reversible error and, contrary to the People’s contention, cannot be considered harmless
 
 (see, People v Britt,
 
 43 NY2d 111, 113).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Alexander taking no part.
 

 Order reversed, etc.