■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL NUNEZ-RAMOS, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered September 25, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to represent any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the County Court, Dutchess County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the Sheriff pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf., CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the County Court, Dutchess County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury; and it is further,

Ordered that no questions of fact have been raised or considered.

On August 30, 1984, the defendant, who was incarcerated at the Fishkill Correctional Facility at the time, stabbed a fellow inmate, causing his death. By Dutchess County indictment, the defendant was charged with murder in the second degree. Prior to trial, the defendant was subject to prison disciplinary charges and he testified at a Superintendent's hearing, among other things, that he had "planned" to kill the victim. Signifi-

cantly, prior to the Superintendent's hearing, and pursuant to 7 NYCRR 251-3.1 (a), the defendant was advised in writing that, "no statement made by [him] in response to the charge, or information derived therefrom may be used against [him] in a criminal proceeding".

The defendant thereafter testified on his own behalf at his criminal trial, asserting, *inter alia,* that he had not intended to kill the victim but, rather, was merely defending himself against the victim's attempt to stab him with a homemade knife. On cross-examination, however, and over defense counsel's objection, the prosecutor attempted to impeach the defendant by questioning him with respect to the statement he had made at the earlier Superintendent's hearing to the effect that he had been "planning to kill" the victim. The defendant was subsequently acquitted of murder in the second degree, but convicted of manslaughter in the first degree. On appeal, the defendant argues that the foregoing regulation prohibited the introduction of his Superintendent's hearing testimony at a subsequent criminal proceeding. We agree and reverse the judgment of conviction.

Contrary to the People's contentions, the clear language of the regulation precludes the use of statements made within a prison disciplinary proceeding against the defendant in a "criminal proceeding". Further, there is nothing in the regulation which in any sense limits this broad immunity by authorizing the use of such statements for the purposes of impeachment. We decline, therefore, to narrow the scope of the regulation's protections. The People's reliance upon cases in which illegally obtained statements are nevertheless admitted for the limited purpose of impeachment is misplaced *(see, Harris v New York,* 401 US 222; *see also, Oregon v Hass,* 420 US 714; *cf., People v Maerling,* 64 NY2d 134). Those cases did not involve the extension by State authorities of what essentially constitutes a "use immunity" for statements made within the context of a prison disciplinary proceeding. Having affirmatively encouraged the defendant to speak by warranting that his statements would not be used against him in a "criminal proceeding", the State may not thereafter utilize those statements in violation of its express representation to the contrary. Under the circumstances, and where the principal issue at trial was the defendant's credibility in asserting that he had acted only in self-defense, we cannot say that the admission of the prior statement was harmless.

Finally, and since there may be a new trial, we note our disapproval of the trial court's preliminary instruction to the

jury *(see,* CPL 270.40; *People v Small,* 2 AD2d 935, *affd* 3 NY2d 720; *cf., People v Sanders,* 69 NY2d 860, 861; *People v Newman,* 46 NY2d 126; 1 CJI[NY] 3.00-3.50). Although expressly required by statute (CPL 270.40), the court's preliminary instructions completely omitted any of the statutorily prescribed admonitions relating to the conduct and obligations of the jurors, and was, at best, "bare boned" in its treatment of those areas of the law which it did discuss with the jury *(see,* 1 CJI[NY] 3.00-3.50).

We have reviewed the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and Harwood, JJ., concur.