■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL VIRUET, Appellant. [626 NYS2d 248] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered November 13, 1991, convicting him of murder in the second degree (two counts), kidnapping in the second degree, and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for conspiracy in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends, among other things, that his conviction for conspiracy in the second degree was a repugnant verdict in light of his acquittal on the charge of intentional murder. Under the circumstances of this case, we agree.

"A determination of whether a verdict is repugnant is based solely on a review of the trial court's charge regardless of its accuracy" (People v Green, 71 NY2d 1006, 1008, citing People v Hampton, 61 NY2d 963, 964; People v Tucker, 55 NY2d 1, 7), and "[t]he instructions to the jury will be examined only to determine whether the jury, as instructed, must have reached an inherently self-contradictory verdict" (People v Tucker, supra, at 8). Here, the trial court, when charging the jury on the conspiracy count, instructed the jury that it must be established that the defendant had the "conscious objective * * * to engage in or cause others to engage in conduct to effect the death of the victim", and that "it must be established that each defendant, himself, knowingly became a member of the conspiratorial agreement with the specific intention to cause the death of [the victim]". The court repeated the essence of these instructions in its supplemental charge to the jury, reiterating that it must have been the defendant's "conscious objective" and "specific intention" to cause the death of the victim.

By acquitting the defendant of the intentional murder count, but finding him guilty of depraved indifference murder and felony murder, the jury necessarily found that the defen-

dant had brought about the death of the victim, but had not intended to do so. Thus, by acquitting the defendant of intentional murder, the jury negated an essential of the conspiracy count as charged by the trial court: the specific intent to cause the victim's death. Therefore, the defendant's conviction for conspiracy in the second degree was repugnant *(see, People v Tucker, supra,* at 6)*,* and must be reversed.

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or, to the extent that any error may have occurred, harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). Thompson, J. P., Santucci, Joy and Friedmann, JJ., concur.