■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE SCOTT, Appellant. [629 NYS2d 267] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 23, 1993, convicting him of robbery in the second degree and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

On appeal, the defendant contends that he was deprived of a fair trial by several improper comments that were made by the prosecutor during his summation. We agree. The defendant testified on his own behalf and admitted to a prior felony conviction. During his summation, the prosecutor repeatedly referred to the defendant as a convicted felon. Contrary to the People's contentions, the references were not a fair comment on the evidence. The statements, often made after objections were sustained, served instead to urge the jury to convict the defendant because he had a criminal propensity (*see, People v Lyons*, 106 AD2d 471). Furthermore, the prosecutor denigrated the defendant by referring to his testimony as "an insult to one's intelligence", stating to the jurors that he could not be trusted to even "take [their] garbage cans from the driveway to the curb", and asking the jurors if the defendant thought they just "fell off the stupid truck". These comments by the prosecutor substantially prejudiced the defendant (*see, People v Jones*, 104 AD2d 826; *see also, People v Torriente*, 131 AD2d 793). The prosecutor also attempted during his summation to improperly shift the burden of proof.

We find that the instances of prosecutorial misconduct were so flagrant and so pervasive that it was impossible for the defendant to receive a fair trial. Accordingly, the defendant is granted a new trial.

The defendant's remaining contentions are without merit. Bracken, J. P., Joy, Friedmann and Krausman, JJ., concur.