■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY PULLEY, Appellant. [648 NYS2d 32] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered June 1, 1994, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to the police.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The hearing court properly declined to suppress the defendant's response to the arresting officer's inquiry concerning the location of a gun. The officer's inquiry was justifiable for safety reasons and did not violate the defendant's constitutional right against self-incrimination (*see, New York v Quarles,* 467 US 649, 658-659; *see also, People v Johnson,* 59 NY2d 1014, 1016; *People v Perez,* 167 AD2d 308, 309; *People v Hawthorne,* 160 AD2d 727, 728).

However, in instructing the jury on the elements of assault in the first degree, the Supreme Court stated that the victim's gunshot wound constituted a serious physical injury. This instruction impermissibly removed an element of the crime charged from the jury's consideration (*see,* Penal Law § 120.10 [1]; *see generally, People v Flynn,* 79 NY2d 879, 881; *People v Greene,* 221 AD2d 559). Accordingly, under these circumstances the defendant is entitled to a new trial. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.