■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO MOLINA, Also Known as JUAN RAMIREZ, Appellant. [663 NYS2d 88] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered March

6, 1996, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

After the Trial Judge completed his final instructions and the jury was sent out of the courtroom to commence its deliberations, the defense attorney objected to the charge on two grounds: (1) the alibi charge impermissibly shifted the burden of proof, and (2) the court erroneously omitted a circumstantial evidence charge. The Trial Judge refused to alter his instructions or give a supplemental charge. After deliberating for approximately one and one-half hours, the jury announced that it had reached a verdict. Before hearing the verdict, however, the Trial Judge realized his mistake and offered to give a supplemental charge on circumstantial evidence. The defense attorney declined the offer on the ground that it was too late to cure the defective charge. We agree and reverse on that ground.

Where, as here, the evidence against the defendant is entirely circumstantial, the failure to give a circumstantial evidence charge constitutes reversible error (*see, People v Sanchez*, 61 NY2d 1022). The defense attorney's request for the charge after the jury was sent out of the courtroom to commence its deliberations was timely (*see, People v Khan*, 68 NY2d 921; CPL 300.10 [5]). Moreover, under the circumstances of the case it cannot be said that this error was harmless (*see,* CPL 300.10 [2]; *cf., People v Brian*, 84 NY2d 887, 889). In light of this disposition, we need not reach the defendant's argument regarding the alibi charge. Miller, J. P., Ritter, Krausman and Goldstein, JJ., concur.