■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMO MINER, Appellant. [689 NYS2d 233] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered July 24, 1997, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree and aggravated unlicensed operation of a motor vehicle in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the defendant's conviction for aggravated unlicensed operation of a motor vehicle in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was indicted on charges of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]), and aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]). The jury found the defendant not guilty of the first two charges.

Pursuant to Vehicle and Traffic Law § 511 (3) (a), a person is guilty of the crime of aggravated unlicensed operation of a motor vehicle in the first degree when he or she commits the crime of aggravated unlicensed operation of a motor vehicle in the second degree as provided in Vehicle and Traffic Law § 511 (2) (a) (ii), (iii) or (iv) *and* is operating a motor vehicle while under the influence of alcohol or a drug in violation of Vehicle and Traffic Law § 1192 (1), (2), (3), (4), or (5).

Here, in light of the defendant's acquittal on the charges under Vehicle and Traffic Law § 1192 (1) and (3), an essential element for conviction of aggravated unlicensed operation of a

motor vehicle in the first degree is missing and therefore the verdict is repugnant (*see, People v Tucker,* 55 NY2d 1).

The defendant's remaining contentions are without merit. Santucci, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.