OPINION OF THE COURT
Daniel K. Lalor, J.
Defendant is charged with two counts of assault in the second *166 degree in violation of Penal Law § 120.05 (3) and (7) arising out of an alleged incident at the Greene Correctional Facility in Coxsackie, New York, at 7:20 p.m. on September 11, 2000, wherein defendant is alleged to have “head butted” Correction Officer (C.O.) William F. Glasser, causing him physical injury consisting of a laceration to the forehead.
Use Immunity
By omnibus motion defendant moved to dismiss “on the grounds that there has occurred a jurisdictional or legal impediment to the conviction of Mr. Nation based, upon the People’s improper accessing of various records maintained by the Department of Correctional Services (DOCS) and for which Mr. Nation has been promised ‘use’ immunity.” (See CPL 210.20 [1] [h].)
Defense counsel alleged, “upon information and belief, based upon our experience with other inmate cases,” that DOCS “routinely provides” the Greene County District Attorney’s Office with records generated by prison superintendent’s disciplinary proceedings (Tier III proceedings) involving inmates who subsequently become defendants in criminal proceedings in this court. Defendant contends this practice is contrary to DOCS departmental regulation (7 NYCRR 251-3.1), and that receipt of such information by the District Attorney violates the “use immunity” provision of that regulation (7 NYCRR 251-3.1 [d] [1]). The People have acknowledged, in correspondence copied to the court prior to this case, that such materials, tapes and transcripts have at various times been obtained by them; however, they dispute that the practice is improper or that any violation of use immunity has occurred.
Notwithstanding the exchange of oral arguments on this issue upon the return date of the motion, the moving papers then contained no sworn allegations of fact, even upon information and belief, that this defendant in fact gave immunized testimony at a Tier III disciplinary proceeding in this matter. Accordingly, the motion to dismiss was denied, without prejudice to renewal upon sufficient specific factual allegations.
Defendant now has renewed his motion, providing factual allegations that defendant did testify at a Tier III hearing. The District Attorney has responded, first by affirmation that he has not heard any tape of a Tier III hearing involving this defendant, and in a supplemental affirmation that he “never received any information which was generated from such proceeding.” The issue is thus now squarely before the court.
*167 The regulation at issue (7 NYCRR 251-3.1 [d] [1]) provides that a written misbehavior report furnished to an inmate which forms the basis for a disciplinary hearing must state, “You are hereby advised that no statement made by you in response to the charge, or information derived therefrom [,] may be used against you in a criminal proceeding.” Further, defense counsel affirms that this notice was stated to defendant by the hearing officer conducting the Tier III prison disciplinary hearing in this matter, at the commencement of the hearing.
The immunity conferred by the regulation is “essentially” a form of “use immunity” (People v Nunez-Ramos, 160 AD2d 1029,1030), and its scope thus should be considered coextensive with that immunity arising by operation of law and the Constitution where a police officer or other public employee is required to answer questions in an administrative proceeding on pain of dismissal. Specifically, neither the immunized statement, nor any information derived therefrom, may be “used” against the defendant as evidence in a criminal proceeding (see Kastigar v United States, 406 US 441, 460).
The law in such cases is that, “[a]fter the People are made aware of the fact that a defendant has made an immunized statement, the People bear the burden of establishing that any evidence used was derived from a source wholly independent of the statement” (People v Corrigan, 80 NY2d 326, 329). It has been stated that “[t]he burden upon the prosecution is a heavy one to demonstrate that the evidence upon which it relied was derived from sources entirely independent of defendants’ immunized statements” (People v Feerick, 241 AD2d 126, 133). Nonetheless, the burden is not insurmountable, and in fact the weight of the People’s burden is merely “to show, by a fair preponderance of the credible evidence, the existence of an independent source” (People v Kronberg, 243 AD2d 132, 148). It seems clear, then, that the People can sustain their burden in two ways: either by establishing they had no access to the immunized statement or “any information derived therefrom,” or by establishing an independent source for the evidence used to obtain an indictment or conviction.
In this connection, it is important to note that “an indictment is not fatally tainted merely because someone involved in the criminal prosecution may have been exposed to a portion or all of a defendant’s immunized statement, although clearly precautions should be taken — and stringently observed — to prevent such occurrence” (People v Feerick, 241 AD2d 126, 135). Thus, defendant’s claims based on alleged “breaches of *168 confidentiality” or interference with the “privacy rights” of inmates in the event immunized statements from Tier III proceedings are received by the District Attorney’s Office are relevant on this motion to dismiss only insofar as they may trigger the People’s obligation to establish an independent source for the evidence presented to the grand jury. The “nature of [the] inquiry” is “whether the prosecution made any use whatsoever of a defendant’s immunized testimony, not whether it had access to it” (People v Feerick, supra, at 135).
The People’s lack of access to the defendant’s immunized statement itself can be established simply by affirmation, and the court accepts the affirmation of the District Attorney that he has neither heard nor read defendant’s statements made at the Tier III hearing in this case.
The District Attorney also has affirmed that he has not received any information “generated from” the Tier III hearing. This denial alone is not sufficient to carry the People’s burden, however, for lack of access to an immunized statement itself does not establish that the evidence presented to the grand jury does not constitute “information derived” in any way from a “statement made by” (the inmate defendant) “in response to the charge” at the Tier III hearing. “Mere denial is insufficient; the prosecution must affirmatively show how it acquired the evidence” (People v Feerick, supra, at 133).
Attached to the People’s supplemental affirmation are a copies of the grand jury minutes and the unusual incident report of the Department of Correctional Services in this case. The District Attorney affirms that the unusual incident (UI) report was generated shortly after the incident on September 11, 2000, and prior to the Tier III hearing in this matter, which according to defense counsel occurred on September 15. The People’s papers indicate the UI report was provided to the People on September 18, 2000, and that it is the “sole source” of the information which resulted in the criminal charges currently pending against the defendant.
The witnesses before the grand jury were C.O. Thomas LeMay and C.O. William Glasser. Each of these officers is mentioned in the unusual incident report, and each submitted to Correctional Services officials a statement which became part of that report. The grand jury testimony of both C.O. Glasser and C.O. LeMay substantially duplicates each officer’s statement as set forth in the UI report. The documentary evidence before the court thus establishes an independent source for the People’s grand jury evidence that predates the Tier III *169 hearing in this case. Accordingly, the motion to dismiss shall be denied.
Since the issue raised in this case is likely to reoccur, it is appropriate for the court to issue some guidance to the parties. Several things are apparent:
First, the People should insulate themselves from contact with an inmate defendant’s statements or other remarks given at a Tier III hearing. While cases have held that exposure to immunized testimony is not, by itself, fatal to the prosecution, the same cases have held that the practice is not appropriate, and should be avoided.
Second, since an inmate indicted for an oifense evidently raises the issue of use immunity merely by asserting the claim that he testified at a Tier III hearing, it is incumbent upon the People to establish procedures to document both their lack of access to defendant’s immunized statements, and their independent source for the evidence they introduce before the grand jury, and at trial.
Third, in an ordinary case it may be sufficient to show that the People’s evidence derives from information contained in an unusual incident report or other documentation generated prior to the Tier III hearing. If the issue is raised as part of an omnibus motion, the People may submit to the court a copy of such documentation at the same time that they furnish a copy of the grand jury minutes to the court for its review.
All aspects of defendant’s motion not granted herein are hereby denied.