■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON COTTERELL, Appellant. [779 NYS2d 500]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered September 6, 2002, convicting him of assault in the second degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered, to be preceded by a new *Sandoval* hearing (*see People v Sandoval*, 34 NY2d 371 [1974]).

The defendant correctly contends, and the People appropriately concede, that, when giving its charge, the trial court did not properly instruct the jury in a number of respects. The defendant's arguments with respect to these errors are all unpreserved for appellate review (*see* CPL 470.05 [2]). We nevertheless reach them under the circumstances of this case in the exercise of our interest of justice jurisdiction, reverse the judgment of conviction, and order a new trial (*see People v Rosario*, 300 AD2d 512, 513 [2002]).

The trial court's errors consisted largely of omitting, in its charge to the jury, instructions on fundamental legal principles applicable to criminal cases in general and inappropriately

responding to the jury's requests for clarification (*see* CPL 300.10 [2]; 310.30). While we recognize that the trial in this case took place prior to our decision in *People v Rosario (supra),* many of the same omissions and errors there are replicated by the same justice in the case at bar: omitting the instruction that the People have the burden of proving each element of the crimes charged and that the measure of this burden is beyond a reasonable doubt; failing to instruct the jury that the burden of proof never shifts to the defendant; and overlooking the need to instruct the jury as to various definitions relating to the elements of the crimes charged, such as "intent" (*see* 1 CJI[NY] 9.31, at 502) and "dangerous instrument" (*see* Penal Law § 10.00 [13]), confusing that term with "deadly weapon" as defined in Penal Law § 10.00 (12) (*see People v Sanders,* 69 NY2d 860, 861-862 [1987]; *People v Blacknall,* 63 NY2d 912, 913 [1984]; *People v Newman,* 46 NY2d 126, 128 [1978]; *People v Livingston,* 128 AD2d 645, 646 [1987]; *People v Johnson,* 75 AD2d 585 [1980]; CPL 70.20). Any issue with regard to the term "dangerous instrument," however, was rendered academic by another error, in itself warranting a new trial. The trial court removed from the jury's consideration one element of each crime charged by instructing that the "[c]lub was the weapon" (*see People v Flynn,* 79 NY2d 879, 881-882 [1992]; *People v Pulley,* 231 AD2d 534 [1996]).

In addition to these errors and omissions, the trial court in this case incorrectly or inadequately instructed the jury with respect to the defense of justification (*see People v Goetz,* 68 NY2d 96 [1986]; *People v Ciervo,* 123 AD2d 393, 395-396 [1986]; CJI[NY]2d PL 35.15 [1], at 856-863); the presumption of innocence (*see People v Roldos,* 112 AD2d 388 [1985]); the concept of "evidence"; and the treatment to be accorded to questions to which objections had been sustained and to any answers that were thereby stricken (*see* CPL 70.20; 1 CJI[NY] 3.10 at 97-100, 3.21 at 107-110).

Finally, the trial court was obligated to admonish the jurors to avoid discussing the case among themselves prior to deliberations or with anyone else, reading or listening to any accounts of the case, visiting the crime scene, or requesting or accepting payment of any benefit in consideration for supplying information about the case to anyone, and to promptly report any outside attempt to influence their deliberations (*see* CPL 270.40, 310.10 [2]; *People v Nunez-Ramos,* 160 AD2d 1029, 1030-1031 [1990]). The trial court must also repeat these admonitions before each recess in the course of deliberations (*see* CPL 310.10 [2]). Its failure to so admonish constitutes further reversible error (*see People v Nunez-Ramos, supra).*

In view of the foregoing, we need not reach the defendant's remaining contentions. Altman, J.P., S. Miller, Luciano and Crane, JJ., concur.