■ The People of the State of New York, Appellant, v Julio Borrell, Also Known as Julio Cesar Borrell, Respondent. [904 NYS2d 706]—

Appeal by the People from an order of the Supreme Court, Queens County (McGann, J.), dated October 27, 2009, which granted the defendant's motion pursuant to CPL 440.20 to set aside so much of a sentence of the same court (Roman, J.), imposed December 10, 1998, as, upon the defendant's conviction of robbery in the first degree under count three of Queens County indictment No. 4841/94, directed that the term of imprisonment imposed upon the defendant's conviction of that count run consecutively to the term of imprisonment imposed upon the defendant's conviction of robbery in the first degree under count six of the indictment, and thereupon directed that the term of imprisonment imposed upon the defendant's conviction of robbery in the first degree under count three of the indictment run concurrently with the term of imprisonment imposed upon the defendant's conviction of robbery in the first degree under count six of the indictment.

Ordered that the order is affirmed.

Penal Law § 70.25 (2) provides, in relevant part: "When more than one sentence of imprisonment is imposed on a person for

two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences . . . must run concurrently." The defendant was convicted, under count three of the indictment, of robbery in the first degree, based on his forcible stealing of money from a named victim while armed with a deadly weapon (*see* Penal Law § 160.15 [2]). The defendant also was convicted, under count six of the indictment, of robbery in the first degree, based on the same forcible stealing of the same money from the same victim while causing serious physical injury to a third person who was not a participant in the crime (*see* Penal Law § 160.15 [1]). Contrary to the People's contention, the Supreme Court properly determined that the defendant must be sentenced concurrently on these two counts, and properly granted the defendant's motion pursuant to CPL 440.20 to set aside so much of the sentence as directed that the terms of imprisonment imposed on the convictions of these two counts run consecutively to each other (*see People v Ramirez*, 89 NY2d 444 [1996]). Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32563(U).]**