574

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MORALES, Appellant. [968 NYS2d 580]—

Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, an opinion and order of this Court dated September 8, 2003 (*People v Morales*, 308 AD2d 229 [2003]), affirming a judgment of the Supreme Court, Kings County, rendered March 15, 2000. By decision and order of this Court dated March 1, 2011, the application was denied (*People v Morales*, 82 AD3d 793 [2011]). By decision and order on motion of this Court dated October 4, 2011, the appellant was granted leave to reargue the application and, upon reargument, the decision and order of this Court dated March 1, 2011, was recalled and vacated, the appellant was granted leave to serve and file an additional brief, and the coram nobis application was held in abeyance in the interim (*People v Morales*, 88 AD3d 744 [2011]). The parties have now filed their respective briefs.

Ordered that the application is granted, and the opinion and order of this Court dated September 8, 2003, is vacated; and it is further,

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant correctly contends on this application for a writ of error coram nobis that he was denied the effective assistance of appellate counsel based on counsel's failure to raise issues on appeal regarding numerous serious trial errors and the ineffectiveness of trial counsel in failing to properly contest most of those errors. Initially, as correctly conceded by the People, the defendant's conviction of burglary in the second degree and acquittal of burglary in the third degree arising out of a single incident, and his conviction of escape in the second degree and acquittal of escape in the third degree arising out of a single incident, are repugnant and require reversal and dismissal of those counts of the indictment charging the defendant with burglary in the second degree and escape in the second degree (*see e.g. People v Carbonell*, 40 NY2d 948 [1976]; *People v Kearse*, 289 AD2d 507 [2001]; *People v Miner*, 261 AD2d 420 [1999]; *People v Viruet*, 215 AD2d 417 [1995]; *People v Johnson*, 133 AD2d 175 [1987], *affd* 70 NY2d 964 [1988]).

Additionally, the record demonstrates that the trial court

erred in failing to give the jury the requisite preliminary instructions found in CPL 270.40 (*see People v Cotterell*, 7 AD3d 807 [2004]; *People v Nunez-Ramos*, 160 AD2d 1029 [1990]; *People v Hepburn*, 52 AD2d 958 [1976]), committed numerous errors and omissions in its instructions regarding the burden of proof and the reasonable doubt standard (*see People v Newman*, 46 NY2d 126 [1978]; *People v Johnson*, 11 AD3d 224 [2004]; *People v Cotterell*, 7 AD3d 807 [2004]; *People v Rosario*, 300 AD2d 512, 513 [2002]; *People v Livingston*, 128 AD2d 645 [1987]), neglected to give the jury a limiting instruction with respect to the assessment of evidence regarding the defendant's prior criminal record (*see People v Jackson*, 143 AD2d 363 [1988]; *People v Williams*, 112 AD2d 177 [1985]), failed to provide a circumstantial evidence charge (*see People v Boston*, 296 AD2d 576, 578 [2002]; *People v Molina*, 243 AD2d 507 [1997]), and repeatedly failed to charge all of the statutory elements of the offenses for which the defendant was convicted (*see People v Flynn*, 79 NY2d 879 [1992]; *People v Milhouse*, 246 AD2d 119 [1998]).

Furthermore, during his opening and closing statements to the jury, the prosecutor engaged in misconduct by making improper arguments regarding the defendant's criminal propensity (*see People v Scott*, 217 AD2d 564 [1995]; *People v Hill*, 193 AD2d 619 [1993]), expressing his belief that the defendant was lying and had committed perjury (*see People v Washington*, 278 AD2d 517 [2000]; *People v Walters*, 251 AD2d 433 [1998]), denigrating the defense (*see People v Robinson*, 191 AD2d 595 [1993]; *People v Simms*, 130 AD2d 525 [1987]), and appealing to the jury's fears and sympathy (*see People v Robinson*, 260 AD2d 508 [1999]; *People v Davis*, 256 AD2d 474 [1998]).

Notwithstanding the sheer number of the foregoing clear and egregious errors, the defendant's trial counsel failed to object to the repugnant verdicts, failed to contest the court's erroneous instructions, and failed to object to the prosecutor's improper remarks. Since there was no objectively reasonable and legitimate trial strategy for counsel's inaction, the defendant was denied meaningful representation at trial (*see generally People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]) in addition to being denied his right to a fair trial.

With regard to the defendant's claim of ineffective assistance of appellate counsel, "[t]he essential inquiry in assessing the constitutional adequacy of appellate representation is . . . whether, viewed objectively, counsel's actions are consistent with those of a reasonably competent appellate attorney" (*People v Borrell*, 12 NY3d 365, 368 [2009], *affd* 73 AD3d 1197 [2010]). Based on the foregoing, we conclude that the defendant was

deprived of the effective assistance of appellate counsel, and we grant his application for coram nobis relief and reversal of his judgment of conviction. Moreover, since the charges of burglary in the second degree and escape in the second degree must be dismissed due to repugnancy, and the remaining counts of the indictment concern offenses for which the defendant has already completed his sentences, the indictment should be dismissed in its entirety (see People v Flynn, 79 NY2d 879 [1992]; People v Barreto, 70 AD3d 959 [2010]; People v Gibson, 54 AD3d 350 [2008]). Mastro, J.P., Rivera, Skelos and Balkin, JJ., concur.