People v Kashif (2021 NY Slip Op 21062)

People v Kashif

2021 NY Slip Op 21062 [71 Misc 3d 28]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 16, 2021

[*1]

The People of the State of New York, Respondent,
v
Atif Kashif, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, March 18, 2021

APPEARANCES OF COUNSEL

Feldman & Feldman (Steven A. Feldman and Arza Feldman of counsel) for appellant.
William V. Grady, District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

{**71 Misc 3d at 29} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is reversed, on the law, and the matter is remitted to the Justice Court for a new trial.
Defendant was charged in an accusatory instrument with assault in the third degree (Penal Law § 120.00 [1]) based upon an altercation in the late evening of May 27, 2018, at an apartment complex where both defendant and the complainant resided. At a jury trial, the complainant testified that, while arguing over an apartment parking space into which he had parked his vehicle, but which defendant claimed was assigned to him, defendant sucker-punched him. He further testified that defendant punched him multiple more times in the face and body, and, as a result, the complainant required medical attention, including seven stitches. Defendant, a black man, testified in his own defense that, during the argument, it was the complainant, a white man, who instigated the physical altercation by calling him a racial epithet and attempting to punch him, but missing. Defendant stated that he struck back in self-defense only.
The jury found defendant guilty of assault in the third degree, and the court (Paul O. Sullivan, J.) sentenced him to 30 days' incarceration and three years' probation. The Supreme Court, Dutchess County (Maria G. Rosa, J.), has stayed execution of the incarceratory portion of the sentence pending the outcome of this appeal, in which defendant attacks multiple aspects of his trial and argues that these assorted, alleged errors, viewed individually and collectively, violated his federal and state rights of due process and a fair trial. He also alleges on appeal that his trial counsel was ineffective for failing to object to, or otherwise correct or preserve, the errors of which he complains.
[*2]
During his direct examination, defendant was asked by defense counsel about a prior criminal conviction when he was{**71 Misc 3d at 30} 17 that arose from joyriding in a stolen car. Defense counsel had not, prior to trial, moved for a Sandoval hearing by which the prosecution may have been precluded from bringing up this matter at trial. Additionally, the People submit that a Sandoval hearing would not have been necessary, as defendant had received a youthful offender adjudication, which is not a criminal conviction (see People v Francis, 30 NY3d 737, 740 [2018]). Thus, in sum, defense counsel neglected to perform pretrial research to determine that defendant had no prior criminal history and then disclosed to the jury that such a history did in fact exist without requesting a pretrial hearing that may have prevented such disclosure.
In a case such as this, the jury was asked to make credibility determinations regarding clearly antagonistic testimony by defendant and the complainant. The twin actions and inaction by defense counsel conceivably tainted defendant's testimony unnecessarily in the eyes of the jury based upon a falsehood. "Since there was no objectively reasonable and legitimate trial strategy for counsel's [failures,] defendant was denied meaningful representation at trial" (People v Morales, 108 AD3d 574, 575 [2013]; see People v Caban, 5 NY3d 143, 152 [2005] [even a "single error may qualify as ineffective assistance . . . when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial"]). Consequently, we find that defense counsel's conduct on this point was "sufficiently egregious . . . to warrant a reversal of defendant's conviction[ ]" (People v Langlois, 265 AD2d 683, 684 [1999]) and a new trial.
However, in light of the seriousness of the allegations—that defendant physically and repeatedly assaulted the complainant to such an extent that medical attention, including stitches, were necessary—we disagree with defendant's assertion that dismissal of the accusatory instrument is justified in this case. Rather, we remit the matter for a new trial. As this determination is dispositive, the remainder of defendant's appellate points are rendered academic, and we do not pass upon them.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the Justice Court for a new trial.
Ruderman, P.J., Garguilo and Emerson, JJ., concur.