People v Louis (2021 NY Slip Op 07307)





People v Louis


2021 NY Slip Op 07307


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2008-09711
 (Ind. No. 5382/03)

[*1]The People of the State of New York, respondent,
v
Kevin Louis, appellant.


Janet E. Sabel, New York, NY (Ronald Zapata of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.



DECISION & ORDER
Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated May 31, 2011 (People v Louis, 84 AD3d 1410), affirming a judgment of the Supreme Court, Kings County (Plummer E. Lott, J.), rendered October 20, 2008. By decision and order on motion of this Court dated March 8, 2018, the appellant was granted leave to serve and file a brief on the issue of whether trial counsel was ineffective for failing to move to dismiss the misdemeanor counts of the indictment as time-barred, and the coram nobis application was held in abeyance in the interim. The parties have now filed their respective briefs. Justices Zayas and Genovesi have been substituted for former Justices Leventhal and Cohen (see 22 NYCRR 1250.1[b]).
ORDERED that the application is granted and the decision and order of this Court dated May 31, 2011, is vacated; and it is further,
ORDERED that the judgment is modified, on the law, by vacating the convictions of endangering the welfare of child (two counts) and the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
The defendant was tried on charges stemming from allegations that, in May 1994, he forced his way into the victim's home and raped her at gunpoint in her bedroom. The victim's two children witnessed the attack. In 2002, the samples from the victim's rape kit were processed, and an unknown male DNA profile was generated from a sperm sample. In August 2003, a grand jury indicted John Doe, an unknown male with a specified DNA profile, of various charges stemming from the incident. The defendant was arrested on unrelated charges and ultimately entered a plea of guilty that required him to give a DNA sample. The defendant's DNA matched the DNA profile generated from the victim's rape kit. The indictment was subsequently amended on December 19, 2007, to name the defendant. After trial, the defendant was convicted of rape in the first degree, burglary in the first degree, and two counts of endangering the welfare of a child.
Contrary to the defendant's contention, the Supreme Court properly denied his Batson challenge (see Batson v Kentucky, 476 US 79), as he failed to carry his burden of proving that the prosecutor's facially race-neutral explanations for exercising a peremptory challenge to the subject juror were pretexts for purposeful discrimination (see Hernandez v New York, 500 US 352, 363-365; [*2]People v Hecker, 15 NY3d 625, 663-665, cert denied sub nom. Black v New York, 563 US 947; People v Smocum, 99 NY2d 418, 422).
We agree with the defendant's contention on this application for a writ of error coram nobis that he was denied the effective assistance of appellate counsel based on former appellate counsel's failure to contend on appeal that his trial counsel was ineffective for failing to move to dismiss the misdemeanor counts of the indictment as time-barred. A defendant has the right to receive reasonably effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668, 687-688). Under New York law, the constitutional requirement of effective assistance of counsel is met when "'the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (People v Benevento, 91 NY2d 708, 712, quoting People v Baldi, 54 NY2d 137, 147). "The core of the inquiry is whether defendant received meaningful representation" (People v Benevento, 91 NY2d at 712 [internal quotation marks omitted]). To demonstrate ineffective assistance of counsel, the defendant must show that he or she did not receive a fair trial because counsel's conduct was "egregious and prejudicial" (People v Oathout, 21 NY3d 127, 131 [internal quotation marks omitted]). Additionally, the defendant must overcome the strong presumption that defense counsel rendered effective assistance (see People v Barboni, 21 NY3d 393, 406). Therefore, the defendant must "demonstrate the absence of strategic or other legitimate explanations for counsel's failure" (id. at 405-406). "[I]n ineffective assistance cases, counsel's subjective reasons for a decision are immaterial, so long as 'viewed objectively, the transcript and the submissions reveal the existence of a trial strategy that might well have been pursued by a reasonably competent attorney'" (People v Evans, 16 NY3d 571, 575 [alterations and emphasis omitted], quoting People v Satterfield, 66 NY2d 796, 799).
The misdemeanors of which the defendant was convicted, two counts of endangering the welfare of a child, were barred by the statute of limitations. The defendant demonstrated that trial counsel was not seeking a compromise verdict from the jury and thus did not have a strategic reason for failing to move to dismiss the misdemeanor counts as time-barred. The two counts of endangering the welfare of a child were not lesser included offenses of the rape and burglary counts of which the defendant was also convicted. Further, when the Supreme Court told counsel that it was "not going to charge everything," trial counsel did not request that the misdemeanors be submitted to the jury, and replied that the jury would "either believe that my client is a rapist, or not." Then, during his summation, trial counsel's sole argument was that the defendant was misidentified. There was no reasonable explanation for trial counsel's "failure to raise a defense as clear-cut and completely dispositive as a statute of limitations" (People v Turner, 5 NY3d 476, 481; see People v Harris, 26 NY3d 321, 325-327; cf. People v Ambers, 26 NY3d 313; People v Evans, 16 NY3d 571).
Under the circumstances of this case, the defendant's former appellate counsel was ineffective in not arguing that his trial counsel was ineffective for failing to move to dismiss the misdemeanor counts of the indictment as time-barred (see People v Harris, 26 NY3d at 325-327; People v Turner, 5 NY3d 476; People v Sanabria, 157 AD3d 828; People v Morales, 108 AD3d 574). Accordingly, we modify the judgment by vacating the convictions of endangering the welfare of child (two counts) and the sentences imposed thereon, and dismissing those counts of the indictment.
The defendant's remaining contentions are without merit.
MASTRO, J.P., AUSTIN, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court