■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE LAGERENCE, Appellant. [602 NYS2d 427] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Stark, J.), rendered August 21, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant and his codefendant were jointly charged and tried for the October 5, 1979, armed robbery of a McDonald's restaurant in Medford, New York. The People did not serve a notice of intention to offer identification testimony against either defendant. However, during cross-examination of a restaurant employee by the defendant's attorney, the employee stated that she had seen the codefendant at the time of the robbery. The attorneys for both defendants moved for a mistrial. The motion was granted with respect to the codefendant but denied with respect to the defendant. The defendant contends that the trial court erred in denying his application for a mistrial. We disagree.

The decision to declare a mistrial necessarily rests in the sound discretion of the trial court, as best situated to consider all the circumstances and determine whether a mistrial is actually required *(see, Matter of Plummer v Rothwax,* 63 NY2d 243, 250). The trial court's determination is entitled to great weight on appeal *(see, People v Baptiste,* 72 NY2d 356). A mistrial is not required unless there has been bad faith or undue prejudice to the defendant *(see, People v Melendez,* 178 AD2d 366). Here, we find no indication of bad faith on the part of the prosecution. The identification of the codefendant was made during defense counsel's own cross-examination and

the prosecutor appeared as genuinely surprised as defense counsel by the testimony. Moreover, the record does not support the defendant's claim of undue prejudice (see, People v Jean-Pierre, 169 AD2d 932, 933).

We have reviewed the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Lawrence, O'Brien and Ritter, JJ., concur.