■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OWEN WELLS, Appellant. [733 NYS2d 634] —Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered March 25, 1999, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court erred in permitting his statement to be admitted into evidence is unpreserved for appellate review inasmuch as the defense counsel conceded that the statement was admissible (*see, People v Williams,* 143 AD2d 162, 163). In any event, the People sustained their burden at the hearing of proving beyond a reasonable doubt that the defendant's statement, taken after he was placed in custody but before *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436) were administered, was made voluntarily and spontaneously, and was not the product of police interrogation (*see, People v Lynes,* 49 NY2d 286, 294; *People v Green,* 258 AD2d 531, 532-533). To the extent the defendant contends otherwise, he improperly relies upon trial testimony which may not be considered in reviewing a suppression ruling (*see, People v Gonzalez,* 55 NY2d 720, *cert denied* 456 US 1010; *People v Gold,* 249 AD2d 414).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented,

are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's claims regarding the alleged ineffective assistance of trial counsel involve matters dehors the record which may not be reviewed on direct appeal (*see, People v Fontana,* 267 AD2d 398), or are without merit (*see, People v Baldi,* 54 NY2d 137, 146-147; *People v Brown,* 48 NY2d 388, 393).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Altman, J. P., H. Miller, Feuerstein and Cozier, JJ., concur.