THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE ROSARIO, Appellant. [750 NYS2d 894] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered February 6, 2001, convicting him of robbery in the third degree, attempted robbery in the second degree, attempted robbery in the third degree, menacing in the second degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a

matter of discretion in the interest of justice, and a new trial is ordered.

When giving its charge, the trial court did not properly instruct the jury that the People had the burden of proving each element of the crimes charged beyond a reasonable doubt (*see People v Newman,* 46 NY2d 126; CPL 70.20). The trial court also failed to instruct the jury that the burden of proof never shifts to the defendant (*see* CPL 300.10 [2]). Additionally, the trial court failed to include in its charge various definitions relating to the elements of the crimes charged (*see* CPL 300.10 [2]; *People v Blacknall,* 63 NY2d 912; *People v Johnson,* 75 AD2d 585). Finally, when the jurors were deliberating, the trial court did not respond appropriately to their inquiries (*see* CPL 310.30; *People v O'Rama,* 78 NY2d 270; *People v Guzman,* 259 AD2d 632; *People v Heath,* 234 AD2d 388; *see also People v DeRosario,* 81 NY2d 801; *People v Carballo,* 158 AD2d 701), or to their individual concerns about sequestration (*see People v Carter,* 40 NY2d 933; *cf. People v Grant,* 163 AD2d 117; *People v Mabry,* 58 AD2d 897).

The defendant's arguments with respect to the above errors are all unpreserved for appellate review (*see* CPL 470.05 [2]). Nevertheless, under the circumstances, we reach them in the exercise of our interest of justice jurisdiction, reverse the judgment of conviction, and order a new trial.

Since there will be a new trial, we note that the trial court should not have allowed testimony about the defendant's prior bad acts in the workplace into evidence (*see People v Molineux,* 168 NY 264). We also note that the trial court, when sentencing the defendant, failed to comply with its obligation under Penal Law § 70.10 (2) to indicate on the record why it believed that his history and character, as well as the nature of the crimes, warranted sentencing as a persistent felony offender (*see People v Brown,* 268 AD2d 593; *People v Garcia,* 267 AD2d 247; *People v Smith,* 232 AD2d 586).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, without merit. Ritter, J.P., Friedmann, Luciano and H. Miller, JJ., concur.