■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BOUTTE, Appellant. [757 NYS2d 283] —Judgment, Supreme Court, New York County (Felice Shea, J., at hearing; Dorothy Cropper, J., on dismissal motion; Bruce Allen, J., at jury trial and sentence), rendered March 26, 1998, convicting defendant of robbery in the first degree and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, unanimously affirmed.

Defendant's retrial following a mistrial was not barred by the principle of double jeopardy. There is no evidence whatsoever to suggest that the prosecutor deliberately provoked

defendant's mistrial application (*see Oregon v Kennedy*, 456 US 667 [1982]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility, including the weight to be given to inconsistencies in testimony, were properly considered by the jury and there is no basis for disturbing its determinations. Viewing the incident as a continuous whole, we find that the evidence clearly established that defendant displayed what appeared to be a firearm for the purpose of forcibly taking the victim's money, that the victim perceived such display, and that these events occurred during the course of the robbery and not afterwards, as suggested by defendant (*see People v Lopez*, 73 NY2d 214 [1989]; *People v Baskerville*, 60 NY2d 374 [1983]). There is no basis for reducing the conviction to robbery in the second degree in the interest of justice.

The court properly exercised its discretion in denying defendant's mistrial motion made on the basis of a police officer's isolated reference to a possible uncharged crime. The court's curative instruction was sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]).

The hearing court properly denied defendant's motion to suppress identification testimony. The victim's initial identification of defendant immediately after the crime was not police-arranged and is not subject to suppression. Assuming arguendo that the victim's second identification of defendant, only minutes later, could be considered a police-arranged showup, it was confirmatory (*see People v Gilbert*, 295 AD2d 275 [2002], *lv denied* 99 NY2d 558 [2002]), as well as being prompt and on the scene (*see People v Duuvon*, 77 NY2d 541 [1991]), and was not unduly suggestive.

Defendant was properly adjudicated a persistent violent felony offender. Defendant is precluded by statute from contesting the use of his 1985 conviction as a predicate conviction since he had previously been adjudicated a second violent felony offender in 1989 based on that conviction (CPL 400.15 [8]; 400.16 [2]). In any event, the 1985 conviction was valid (*see People v Harris*, 61 NY2d 9 [1983]). Concur—Tom, J.P., Mazzarelli, Andrias, Rosenberger and Williams, JJ.