■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON CAMPBELL, Appellant. [774 NYS2d 806]—Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered February 7, 2001, convicting him of arson in the first degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention raised in his supplemental pro se brief that the evidence was legally insufficient to establish his guilt of arson in the first degree and assault in the first degree is unpreserved for appellate review (see CPL 470.05 [2]); People v Gray, 86 NY2d 10 [1995]; People v Udzinski, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

Contrary to the defendant's contention, proof of his indebtedness was admissible as evidence of motive (see People v Molineux, 168 NY 264, 293 [1901]).

To the extent that the defendant's claims of ineffective assistance of counsel raised in his supplemental pro se brief involve matter dehors the record, they may not be reviewed on direct appeal (see People v Aguirre, 304 AD2d 771 [2003]; People v O'Connor, 291 AD2d 573 [2002]; People v Weekes, 289 AD2d 599 [2001]; People v Wells, 288 AD2d 408, 409 [2001]). Insofar as we are able to review the defendant's claim of ineffective assistance of counsel, the defense counsel's performance provided meaningful representation (see People v Benevento, 91 NY2d 708, 714 [1998]; People v Satterfield, 66 NY2d 796, 798-799 [1985]; People v Baldi, 54 NY2d 137, 147 [1981]; People v Wicker, 229 AD2d 602 [1996]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. Altman, J.P., Smith, S. Miller and Crane, JJ., concur.