■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD DIGGS, Appellant. [807 NYS2d 579]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered October 29, 2003, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After the prosecutor elicited an in-court identification of the defendant from an eyewitness who had testified that he did not see the suspect's face, the defendant moved for a mistrial or, alternatively, to strike the entire testimony of the witness. The trial court denied the motion except to the extent of striking the question and answer.

The decision whether to declare a mistrial necessarily rests in the broad discretion of the trial court, which is best situated to consider all the circumstances, and its determination is entitled to great weight on appeal (*see People v Lagerence,* 197 AD2d 593 [1993]; *see also Matter of Plummer v Rothwax,* 63 NY2d 243, 250 [1984]). The trial court providently exercised its discretion in denying the motion except to the extent of striking the question and answer (*see People v Lagerence, supra; see also People v Santiago,* 52 NY2d 865, 866 [1981]). Moreover, the defendant did not request any additional curative action, and therefore his contention that the trial court should have given a curative instruction is unpreserved for appellate review (*see People v Santiago, supra*). Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.