■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD ROWLETT, Appellant. [815 NYS2d 707]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered May 11, 2005, convicting him of robbery in the third degree, upon his plea of guilty, and sentencing him to a determinate term of 7 years imprisonment with 5 years post-release supervision.

Ordered that the judgment is modified, on the law, by vacating the sentence of a determinate term of 7 years imprisonment with 5 years postrelease supervision and substituting therefor a sentence of an indeterminate term of $3\frac{1}{2}$ to 7 years imprisonment; as so modified, the judgment is affirmed.

As the People concede, the sentence imposed, a determinate term of 7 years imprisonment with 5 years post-release supervision, was illegal for the defendant's conviction, as a second felony offender, of robbery in the third degree, a nonviolent class D felony (*see* Penal Law §§ 160.05, 70.02 [1] [c]; § 70.06

[2]; § 70.45; *People v McKay,* 10 AD3d 734 [2004]). The maximum term of imprisonment that may be imposed upon a second felony offender for a conviction of robbery in the third degree is an indeterminate term of 3½ to 7 years, and post-release supervision is only authorized for determinate sentences (*see* Penal Law § 70.06 [3] [d]; [4] [b]; § 70.45). The People request that we vacate the defendant's plea, but that remedy is beyond our power, where, as here, the defendant objects (*see Matter of Kisloff v Covington,* 73 NY2d 445, 452 [1989]; *Matter of Campbell v Pesce,* 60 NY2d 165, 169 [1983]). Crane, J.P., Goldstein, Luciano and Dillon, JJ., concur.