■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEFFREY SCARBOROUGH, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LAVON SCARBOROUGH, Respondent. [818 NYS2d 510]—

Order, Supreme Court, Bronx County (Analisa Torres, J.), entered May 13, 2005, which granted defendants' motions to suppress physical evidence, unanimously reversed, on the law and the facts, the motions denied and the matter remanded for further proceedings.

Police officers were on a late evening patrol and spotted a red Cadillac in which defendants were blocking entry to or exit from the Parkchester complex parking lot. The officers approached the illegally parked automobile, which was idling and had its windows down. The officer on the passenger side of the vehicle testified that he shined his flashlight into the car and saw what he believed to be a small bag containing white powder in a skeletal cup holder. Since he believed, based on his years of training and experience, that the white powder was cocaine, he

used a code word to inform his partner on the driver's side of the car that they should order defendants to exit the vehicle, effectuate arrests and conduct a vehicle search, which was then done. The officers seized cocaine and heroin, which defendants sought to suppress. The hearing court granted defendants' motion, having discounted the testimony of the police officer who stated that he saw, in plain view, the small bag of cocaine perched in a skeletal console cup holder. After a thorough review of the record evidence, we conclude that the evaluation of this officer's credibility was flawed, and therefore reverse.

While an appellate court has the general duty to defer to a hearing court's fact findings (*see People v Prochilo*, 41 NY2d 759 [1977]), this Court has "not hesitated to reject such factual findings, when they lack an evidentiary basis in the record" (*People v Aponte*, 124 AD2d 489, 492 [1986]; *People v Roberts*, 298 AD2d 295 [2002]; *see People v Polanco*, 292 AD2d 29 [2002]; *People v Darby*, 263 AD2d 112 [2000], *lv denied* 95 NY2d 795 [2000]). Although the hearing court was troubled by the demeanor of the testifying officer, there are undisputed facts which verify the officer's account of this encounter. The automobile was parked illegally, its windows were down, the officer illuminated the car's interior with his flashlight and the console cupholder was skeletal, rendering anything stashed there visible to anyone in close proximity. After communicating the arrest order to his colleague, it was the other police officer who recovered the cocaine from the cupholder. Our review of the hearing record reveals that the testifying officer was consistent and his version uncontradicted by the surrounding circumstances which caused the officers' initial inquiry and their routine procedures in questioning defendants and examining the interior of the car. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Williams, JJ.