THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN MURDAUGH, Appellant. [833 NYS2d 557]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered November 10, 2004, convicting him of burglary in the second degree, upon a jury verdict, and sentencing him, as a persistent felony offender,

to an indeterminate term of imprisonment of 16 years to life and five years of post-release supervision.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for resentencing in compliance with Penal Law § 70.10 (2) and § 70.45 (1).

To the extent that the defendant's claims of ineffective assistance of counsel involve matter dehors the record, they may not be reviewed on direct appeal (*see People v Campbell,* 6 AD3d 623, 624 [2004]). Insofar as we are able to review the defendant's claim of ineffective assistance of counsel, we find that the defense counsel provided meaningful representation (*see People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Campbell, supra*).

Contrary to the defendant's contention, the County Court correctly declined to submit, to the jury, the charge of criminal trespass in the second degree as a lesser-included offense of burglary in the second degree, since there was no reasonable view of the evidence that the defendant committed the lesser offense without having committed the greater offense (*see* CPL 300.50 [1]; *People v Scarborough,* 49 NY2d 364 [1980]).

Although the defendant's contention regarding his adjudication as a persistent felony offender is unpreserved for appellate review (*see People v Rivera,* 31 AD3d 790, 791 [2006]), we reach it in the exercise of our interest of justice jurisdiction (*see People v Rosario,* 300 AD2d 512, 513 [2002]), and vacate the sentence.

The County Court erred in failing to comply with the procedural requirements of Penal Law § 70.10 (2) when sentencing the defendant as a persistent felony offender. Under the Penal Law, a "persistent felony offender" is defined as one who stands convicted of a felony after having previously been convicted of two or more felonies, where the prior felonies resulted, inter alia, in a sentence of imprisonment in excess of one year (*see* Penal Law § 70.10 [1]). The statute further authorizes a court to sentence such an offender as if the crime were an A-1 felony, thereby permitting an indeterminate sentence with a maximum term of life imprisonment, "when the court 'is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest' " (*People v Rivera,* 5 NY3d 61, 66 [2005], *cert denied* 546 US 984 [2005], quoting Penal Law § 70.10 [2]). Thus, "the procedure for determining whether or not a defendant may be

subjected to increased punishment as a persistent felony offender mandates a 'two-pronged analysis' " (*People v Gaines,* 136 AD2d 731, 733 [1988], quoting *People v Montes,* 118 AD2d 812, 813 [1986]; *see People v Garcia,* 267 AD2d 247 [1999]; *People v Smith,* 232 AD2d 586 [1996]).

At bar, the sentencing court failed to comply with the second prong of the analysis by failing to set forth, on the record, the reasons why it was "of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate[d] that extended incarceration and life-time supervision [would] best serve the public interest" (Penal Law § 70.10 [2]; *see People v Rosario, supra*). After the court initially determined that the defendant was a persistent felony offender under Penal Law § 70.10 (1) because he previously had been convicted of at least two felonies, and the sentences imposed were in excess of one year, the court's conclusory recitation at sentencing that it had reviewed the defendant's presentence report and conferred with the attorneys was insufficient to fulfill the statute's mandate (*see People v Garcia, supra* at 248; *People v Smith, supra* at 587; *People v Gaines, supra; People v Montes, supra; People v Oliver,* 96 AD2d 1104 [1983], *affd* 63 NY2d 973 [1984]). The sentencing court's failure to state "the reasons for [its] opinion . . . in the record" (Penal Law § 70.10 [2]), makes it impossible for this Court, as the reviewing court, to determine what conduct or circumstances the sentencing court relied upon in determining that the second prong of the required persistent felony offender analysis was satisfied (*see People v Garcia, supra*).

In addition, as the People correctly concede, the County Court erred in imposing a period of post-release supervision, as "post-release supervision is only authorized for determinate sentences" (*People v Rowlett,* 29 AD3d 922, 923 [2006]; *see* Penal Law § 70.45 [1]; *People v Watts,* 309 AD2d 628, 629 [2003]).

Accordingly, the sentence must be vacated and the matter remitted to the County Court for resentencing in compliance with Penal Law § 70.10 (2) (*see People v Garcia, supra; People v Smith, supra*) and Penal Law § 70.45 (1).

The defendant's remaining contentions are without merit. Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.