■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY JOUVERT, Appellant. [856 NYS2d 84]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., on suppression motion; Marcy L. Kahn, J., at jury trial and sentence), rendered August 15, 2006, convicting defendant of criminal possession of a weapon in the third degree, grand larceny in the fourth degree (two counts) and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence established that the knife recovered from defendant was a gravity knife (*see People v Smith*, 309 AD2d 608 [2003], *lv denied* 1 NY3d 580 [2003]). An officer both described and demonstrated for the jury the manner in which the knife operated, which conformed to the statutory definition of a gravity knife (*see* Penal Law § 265.00 [5]). Defendant's main argument to the contrary is based on a misinterpretation of the officer's testimony.

The motion court properly denied defendant's motion to suppress physical evidence without granting a hearing. The allegations in defendant's moving papers, when considered in the context of the detailed information provided by the People as to the basis for his arrest, were insufficiently specific to require a hearing (*compare People v Long*, 36 AD3d 132 [2006], *affd* 8 NY3d 1014 [2007], *with People v Bryant*, 8 NY3d 530, 533-534 [2007]).

The court properly exercised its discretion in denying defendant's challenge for cause to a prospective juror. Although the panelist initially expressed an inclination to credit police testimony, the court instructed him that he could not give any extra credence to an officer's testimony by virtue of the officer's status. During a colloquy on defendant's challenge for cause, defense counsel expressly conceded that the panelist agreed to follow that instruction, and this was the court's recollection as well. Under all the circumstances, transcription error is the only reasonable explanation of a statement appearing in the minutes that defendant cites as supporting his position (*see e.g. People v Valdes*, 283 AD2d 187 [2001], *lv denied* 97 NY2d 688

[2001]). Accordingly, the panelist's unequivocal declaration rendered him qualified for service. Concur—Lippman, P.J., Friedman, Sweeny and Moskowitz, JJ.