■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BAZEMORE, Appellant. [860 NYS2d 602]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered September 20, 2005, convicting him of robbery in the third degree (two counts), upon a jury verdict, and sentencing him as a persistent felony offender.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in compliance with Penal Law § 70.10 (2) and CPL 400.20 (7).

Although the defendant's contention regarding his adjudication as a persistent felony offender is unpreserved for appellate review (*see People v Proctor*, 79 NY2d 992 [1992]; *People v Flores*, 40 AD3d 876, 877 [2007]), we reach it in the exercise of our interest of justice jurisdiction (*see People v Murdaugh*, 38 AD3d 918, 919 [2007]; *People v Rosario*, 300 AD2d 512, 513 [2002]).

The Supreme Court erred in failing to comply with the procedural requirements of Penal Law § 70.10 (2). Under the Penal Law, a persistent felony offender is a person convicted of a felony after having previously been convicted of two or more felonies, where the prior felonies resulted, inter alia, in a sentence of imprisonment in excess of one year (*see* Penal Law § 70.10 [1]; *People v Murdaugh*, 38 AD3d at 919). The statute further authorizes a court to sentence a persistent felony offender as if the crime were an A-1 felony, thereby permitting an

indeterminate sentence with a maximum term of life imprisonment, when the court "is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10 [2]; *see People v Murdaugh*, 38 AD3d at 919). In such cases, "the reasons for the court's opinion shall be set forth in the record" (Penal Law § 70.10 [2]; *see People v Murdaugh*, 38 AD3d at 919-920; *People v Smith*, 232 AD2d 586 [1996]).

The sentencing court failed to set forth, in the record, the reasons why it was "of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate [d] that extended incarceration and life-time supervision [would] best serve the public interest" (*People v Murdaugh*, 38 AD3d at 919-920 [internal quotation marks omitted]; *see People v Smith*, 232 AD2d 586 [1996]; *People v Montes*, 118 AD2d 812, 813 [1986]). The court's conclusory recitation at sentencing that it had considered all the facts submitted during a hearing and the arguments of counsel was insufficient to fulfill the mandate of Penal Law § 70.10 (2) (*see People v Murdaugh*, 38 AD3d at 919-920; *People v Smith*, 232 AD2d 586 [1996]; *People v Montes*, 118 AD2d 812, 813 [1986]).

Accordingly, the sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing in compliance with Penal Law § 70.10 (2) and CPL 400.20 (7).

The defendant's contention that the prosecution failed to establish a proper chain of custody for the admission of a certain key into evidence is without merit (*see People v Julian,* 41 NY2d 340 [1977]). The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction. Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.