*305 Judgment, Supreme Court, New York County (Carol Berk-man, J.), rendered July 13, 2005, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.
The court properly denied defendant’s motion to suppress identification testimony. The identifying witness led the police into a basement in search of an intruder, and the police arrested defendant in the witness’s presence. Even assuming that the witness’s viewing of defendant in custody moments later could be considered a showup, this prompt, on-the-scene procedure was entirely permissible (see e.g. People v Gatling, 38 AD3d 239 [2007], lv denied 9 NY3d 865 [2007]; People v Boutte, 304 AD2d 307 [2003], lv denied 100 NY2d 579 [2003]).
After sufficient inquiry, the court properly denied defendant’s motion to withdraw his guilty plea (see People v Frederick, 45 NY2d 520 [1978]). The record establishes the voluntariness of the plea. Defendant’s disappointment in his attorney’s inability to negotiate a more favorable disposition was not a basis for withdrawing the plea; moreover, we note that defendant received the most lenient sentence available for one in his situation (see Penal Law § 70.08 [3] [c]).
Defendant’s pro se ineffective assistance of counsel claims are unreviewable on direct appeal because they primarily involve matters outside the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Ford, 86 NY2d 397, 404 [1995]; see also Strickland v Washington, 466 US 668 [1984]). Concur — Tom, J.E, Mazzarelli, Saxe, Nardelli and Buckley, JJ.