imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Fisher, Leventhal and Chambers, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX RIVERA, Appellant. [875 NYS2d 173]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered September 16, 2003, convicting him of robbery in the first degree (three counts), criminal possession of a weapon in the third degree, burglary in the first degree, burglary in the third degree, petit larceny, and unlawful imprisonment in the second degree (three counts), upon a jury verdict, and sentencing him to consecutive terms of 25 years to life imprisonment on each of the three counts of robbery in the first degree, to run concurrently with the terms of 25 years to life imprisonment on the convictions of criminal possession of a weapon in the third degree, burglary in the first degree, and burglary in the third degree, and determinate terms of one year imprisonment on the convictions of petit larceny and unlawful imprisonment in the second degree (three counts). The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by vacating the sentence imposed on the count of burglary in the third degree, and (2) by providing that the remaining sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on the count of burglary in the third degree in accordance with Penal Law § 70.10 (2), with that sentence to run concurrently with the sentences imposed on the remaining counts.

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions of robbery in the first degree (three counts) and burglary in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492-493 [2008]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court did not improvidently exercise its discretion in refusing to accept a partial verdict (*see People v Salemmo*, 38 NY2d 357, 361 [1976]; *People v Abreu*, 184 AD2d 707, 710 [1992]; *see also People v Wincelowicz*, 258 AD2d 602, 603 [1999]; *People v Greenfield*, 70 AD2d 662, 663 [1979]).

That branch of the defendant's omnibus motion which was to suppress physical evidence was properly denied. The "credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Parker*, 306 AD2d 543, 543 [2003]). The record supports the hearing court's finding that the subject police officer was given a description of two robbery suspects and the suspected location of those suspects; that the officer observed a vehicle parked in front of a fire hydrant in front of that location, a bodega which, he was informed, may have been recently burglarized by the same two suspects; that he saw clear plastic boxes of lottery tickets and packs of cigarettes in plain view upon shining his flashlight into the vehicle from outside; and that the occupants of the vehicle matched the descriptions of the aforementioned robbery suspects (*see People v Scarborough*, 31 AD3d 301, 302 [2006]; *People v Edwards*, 29 AD3d 818, 818-819 [2006]; *see also People v Semanek*, 30 AD3d 547, 548 [2006]). Moreover, the defendant, who was a passenger in the vehicle, lacked standing to contest the search of the lawfully-stopped vehicle (*see People v Garcia*, 39 AD3d 666, 667 [2007]; *People v Ballard*, 16 AD3d 697, 698 [2005]; *People v Cooper*, 241 AD2d 553, 554 [1997]).

The defendant was properly adjudicated a persistent violent felony offender on the convictions of robbery in the first degree (three counts), criminal possession of a weapon in the third degree, and burglary in the first degree (*see People v Boutte*, 304 AD2d 307, 308 [2003]; *People v Harris*, 199 AD2d 102, 103 [1993]; *cf. People v Harris*, 61 NY2d 9, 20 [1983]).

However, the Supreme Court erred in failing to comply with the procedural requirements of Penal Law § 70.10 (2) when sentencing the defendant as a persistent felony offender on the count of burglary in the third degree. Under the Penal Law, a persistent felony offender is a person convicted of a felony after having previously been convicted of two or more felonies, where the prior felonies resulted, inter alia, in a sentence of imprisonment in excess of one year (*see* Penal Law § 70.10 [1]; *People v Bazemore*, 52 AD3d 727 [2008]; *People v Murdaugh*, 38 AD3d 918, 919 [2007]). The statute further authorizes a court to sentence a persistent felony offender as if the crime constituted an A-I felony, thereby permitting an indeterminate sentence with a maximum term of life imprisonment, when the court "is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10 [2]; *see People v Bazemore*, 52 AD3d 727 [2008]; *People v Murdaugh*, 38 AD3d at 919). In such cases, "the reasons for the court's opinion shall be set forth in the record" (Penal Law § 70.10 [2]; *see People v Bazemore*, 52 AD3d 727 [2008]; *People v Murdaugh*, 38 AD3d at 919-920). Since the Supreme Court "fail[ed] to set forth, on the record, the reasons why it was 'of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate[d] that extended incarceration and life-time supervision [would] best serve the public interest' " (*People v Murdaugh*, 38 AD3d at 920, quoting Penal Law § 70.10 [2]), the sentence on the count of burglary in the third degree must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing in compliance with Penal Law § 70.10 (2) and CPL 400.20 (7).

Moreover, while there was no legal impediment to the imposition of consecutive terms of imprisonment for the defendant's convictions of three counts of robbery in the first degree because the subject robberies were predicated upon distinct acts committed against separate victims (*see People v Ramirez*, 89 NY2d 444, 454 [1996]; *People v Brown*, 80 NY2d 361, 364-365 [1992]; *People v Brathwaite*, 63 NY2d 839, 843 [1984]; *People v Blount*, 47 AD3d 825 [2008]; *People v Smith*, 46 AD3d 583 [2007]), the

sentence imposed was excessive to the extent indicated herein. Mastro, J.P., Skelos, Balkin and Chambers, JJ., concur.