[933 NE2d 183, 906 NYS2d 785]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX
RIVERA, Appellant.

Argued March 24, 2010; decided May 6, 2010

**POINTS OF COUNSEL**

*Lisa Napoli,* New York City, and *Lynn W.L. Fahey* for appellant. The trial court violated Criminal Procedure Law § 310.70 and denied appellant due process by ordering the jury to render a partial verdict, learning that it acquitted appellant of four counts and convicted him of one, and then rejecting that partial verdict, instructing the jury to continue deliberating on all the charges, and sending the clear message that the partial verdict was incorrect. (*Duncan v Louisiana,* 391 US 145; *United States*

*v Thomas,* 116 F3d 606; *United States v Schwarz,* 283 F3d 76; *United States v Ianniello,* 866 F2d 540; *People v Rodriguez,* 71 NY2d 214; *People v Yut Wai Tom,* 53 NY2d 44; *People v Bouton,* 50 NY2d 130; *People v Salemmo,* 38 NY2d 357; *People v Tucker,* 55 NY2d 1; *People v Trappier,* 87 NY2d 55.)

*Charles J. Hynes, District Attorney,* Brooklyn (*Diane R. Eisner* and *Leonard Joblove* of counsel), for respondent. The trial court acted within its discretion, pursuant to CPL 310.70 (1) (b) (ii), when it declined to accept a partial verdict and ordered the jury to continue to deliberate on all counts. (*Matter of Theroux v Reilly,* 1 NY3d 232; *People v Jackson,* 87 NY2d 782; *Matter of Oliver v Justices of N.Y. Supreme Ct. of N.Y. County,* 36 NY2d 53; *People v Harris,* 50 AD3d 1387; *People v Aleman,* 12 NY3d 806; *People v Price,* 16 AD3d 323; *People v Gause,* 38 AD3d 999; *People v Wincelowicz,* 258 AD2d 602; *People v Phong T. Le,* 277 AD2d 1036; *People v Berg,* 59 NY2d 294.)

### OPINION OF THE COURT

JONES, J.

This appeal requires us to determine whether the trial court violated Criminal Procedure Law § 310.70 when it instructed the jury to render a partial verdict, in which the jury acquitted defendant of four counts and convicted him of one, refused to accept said verdict after it was announced in open court, and then ordered the jury to continue deliberations on *all* the counts submitted to it. We conclude that the trial court violated CPL 310.70.

According to the People, at approximately 1:00 A.M. on July 28, 2001, defendant and his brother broke into the third-floor apartment shared by three Pakistani immigrants in the Bay Ridge section of Brooklyn. Over the next two to three hours, defendant and his brother terrorized the occupants, bound and gagged them with duct tape, threatened to shoot them and demanded money and jewelry. After taking money and property from the apartment, and after demanding the keys to the nearby delicatessen where one of the victims worked, defendant and his brother left the apartment. The victims then freed themselves and called the police, telling them to go to the delicatessen. A little while later, the police found defendant and his brother in a

car near the delicatessen and arrested them. Thereafter, defendant's jury trial commenced.[1]

On April 7, 2003, after the presentation of evidence at defendant's jury trial, and after the jury instructions were given, the trial court submitted the following 11 counts to the jury: first-degree robbery (armed with a deadly weapon) (three counts); second-degree criminal possession of a weapon; third-degree criminal possession of a weapon; first-degree burglary (apartment); third-degree burglary (delicatessen); petit larceny; and second-degree unlawful imprisonment (three counts). The trial court informed counsel on April 10, 2003 that it had received a note from the jury informing the court that it had reached a verdict on some counts but was at a standstill as to others. The trial court determined it would bring the jury in, "take" the partial verdict if the jury had in fact reached one and "then . . . see where we go from there." On the record (in open court), the foreperson of the jury announced the jury's partial verdict, acquitting defendant of the three unlawful imprisonment counts and second-degree weapons possession, but convicting him of petit larceny. Over defendant's objection, the trial court refused to accept the partial verdict and ordered the jury to resume deliberations on the *entire* case (all 11 counts).

On the following day—April 11, 2003—the jury convicted defendant of 10 of the 11 counts submitted to the jury, acquitting him only of second-degree weapons possession. Defendant was sentenced, as a persistent violent felony offender, to three consecutive prison terms of 25 years to life for the robbery counts, to run concurrently with concurrent prison terms of 25 years to life for the third-degree weapons possession and burglary counts, and one year for the petit larceny and unlawful imprisonment counts. The Appellate Division modified the judgment, on the law and as a matter of discretion in the interest of justice, with respect to the sentences imposed (60 AD3d 788 [2d Dept 2009]). As relevant here, the Appellate Division held that "[t]he trial court did not improvidently exercise its discretion in refusing to accept a partial verdict" (*id.* at 789). A Judge of this Court granted defendant leave to appeal (12 NY3d 920 [2009]), and we now modify the order of the Appellate Division.

Under the plain language of CPL 310.70, a trial court is required to follow one of two courses when a deliberating jury

---

1. Prior to trial, defendant's brother pleaded guilty to one count of first-degree robbery, and was sentenced to a determinate prison term of seven years.

declares that it has reached a verdict as to some, but not all, of the counts submitted to it, *and* there is a reasonable possibility of ultimate agreement on any of the unresolved counts. The court may either (1) order the jury to render a partial verdict and continue deliberating "upon the remainder" of the counts submitted to the jury (CPL 310.70 [1] [b] [i]), or (2) "[r]efuse to accept a partial verdict" and order the jury to continue its deliberations "upon the entire case" (CPL 310.70 [1] [b] [ii]).

■ Here, after the jury informed the court that it had reached a partial verdict as to some of the 11 counts submitted to it, the trial court ordered the jury to render its partial verdict, which the foreperson announced in open court. The trial court then refused to accept the partial verdict as requested by the defense, and ordered the jury to resume deliberations on the entire case. In so doing, the trial court took the pulse of the jury deliberations and then ordered the jury reconsider its decision. This was error.[2]

■ By refusing to accept the partial verdict after it was announced, the trial court signaled to the jury that the partial verdict was incorrect. What's more, given the full verdict rendered the day after the partial verdict was announced, in which the jury convicted defendant of counts it had acquitted defendant of the day before, one could reasonably conclude that the trial court's actions had a coercive effect on the jury (and its deliberations after the partial verdict was announced). In short, the trial court not only violated the partial verdict procedure under CPL 310.70, it impinged on defendant's right to a trial by jury.

The right to a trial by jury in criminal cases is "fundamental to the American scheme of justice" and essential to a fair trial (*Duncan v Louisiana*, 391 US 145, 148-149, 154 [1968]). At the heart of this right is the need to ensure that jury deliberations are conducted in secret, and not influenced or intruded upon by outside factors (*see People v Rodriguez*, 71 NY2d 214, 218 n 1

---

2. A trial court may reject an *announced* verdict only under two circumstances: (1) where it is legally defective, e.g., where the jury failed to follow the court's instructions (*see People v Salemmo*, 38 NY2d 357, 360-361 [1976]), or (2) where it is repugnant (*see People v Tucker*, 55 NY2d 1, 7-8 [1981]; *People v Trappier*, 87 NY2d 55, 58 [1995] ["A verdict is inconsistent or repugnant . . . where the defendant is convicted of an offense containing an essential element that the jury has found the defendant did not commit"]). Here, the announced partial verdict was neither legally defective nor repugnant.

[1988]; *People v Bouton*, 50 NY2d 130, 138 [1980]; *United States v Thomas*, 116 F3d 606, 618 [2d Cir 1997]).

This case makes clear why the secrecy and independence of jury deliberations must be vigilantly protected. If the trial court finds out where the jury stands on a particular count and then orders the jury to deliberate further on that count, the trial court effectively, even though inadvertently, inserts itself into the jury's deliberations. The mere possibility of a trial court exerting such influence over the jury is improper and at odds with the strong public policy that jury deliberations should be confidential and free from outside interference, and has the potential to render a defendant's right to a trial by jury meaningless.

We have considered defendant's remaining arguments and they are either academic or without merit.

Accordingly, the order of the Appellate Division should be modified by dismissing the three counts of unlawful imprisonment in the second degree and remitting to Supreme Court for a new trial on the counts of the indictment charging robbery in the first degree, criminal possession of a weapon in the third degree, burglary in the first degree and burglary in the third degree, and for resentencing on defendant's conviction of petit larceny, and, as so modified, affirmed.

Chief Judge Lippman and Judges Ciparick, Graffeo, Read, Smith and Pigott concur.

Order modified, etc.