■ The People of the State of New York, Respondent, v Michael Howard, Appellant. [915 NYS2d 550]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J., at suppression hearing; John Cataldo, J., at jury trial and sentence), rendered July 31, 2008, as amended August 12, 2008, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously reversed, on the law, and the matter remanded for a new trial.

The court properly denied defendant's motion to suppress cocaine recovered from boxes magnetically attached to the undercarriage of defendant's car. There is no basis for disturbing the court's credibility determinations. When the police saw defendant reach under the driver's side door of his car and make an apparent drug sale to an apprehended buyer, they clearly had probable cause to arrest defendant and search his car under the automobile exception (*see People v Yancy*, 86 NY2d 239, 245 [1995]). The automobile exception applies to closed, and even locked, containers and compartments within a car (*see People v Ellis*, 62 NY2d 393, 398 [1984]). We see no logical reason to give a closed container attached to the outside of a car any greater protection, especially where it is located in an area directly associated with the observed activity giving rise to probable cause. Defendant's procedural objections to our consideration of the automobile exception are unavailing.

The trial court erroneously denied defendant's for-cause challenge to prospective juror Hill, who stated that she would be inclined to give more weight to testimony from a police officer than to testimony from another witness. Although the court immediately gave appropriate instructions on the subject, Ms. Hill never provided an unequivocal assurance that she would follow those instructions rather than her "tendencies" to give extra credence to the testimony of a police officer (*People v Johnson*, 94 NY2d 600, 614 [2000]). Given this conclusion, we need not determine whether the court properly denied defendant's for-cause challenges to prospective jurors Cramer and Bobo. Concur—Saxe, J.P., Friedman, McGuire, Abdus-Salaam and Román, JJ.