■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD BROTHERS, Appellant. [944 NYS2d 645]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered August 11, 2009, convicting him of burglary in the first degree (two counts), robbery in the first degree (four counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him, as a persistent felony offender, to seven indeterminate terms of 22 years to life imprisonment, with all sentences to run concurrently.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Furthermore, the County Court correctly granted the People's

motion to amend the transcript of the voir dire, to change the response of a prospective juror to a question from "right" to "no" (see *People v Minaya*, 54 NY2d 360, 364 [1981], *cert denied* 455 US 1024 [1982]; *People v Jouvert*, 50 AD3d 504, 505 [2008]; *People v Laracuente*, 125 AD2d 705, 706 [1986]; *People v Buccufurri*, 154 App Div 827, 828-829 [1913]).

However, the County Court erred in denying the defendant's challenges for cause with respect to two prospective jurors. One of the prospective jurors was a volunteer for the Police Athletic League who knew many police officers, including those assigned to the precinct in which the crime occurred. While he initially stated, "I think I could keep an open mind," and he did not "think" that the fact that police officers from the precinct would testify at the trial would affect his ability to sit fairly on the case, he subsequently agreed that he "might" give police testimony a "leg up," and accord such testimony "a little built in credibility." Another prospective juror indicated that he would be inclined to accept the testimony of police officers as truthful unless there was a "reason that's brought up that would make me think otherwise," that he would have to have "a sense of inconsistency" with respect to the testimony of police officers, and that "unless there is a reason why they would lie or not tell the truth," he would accept the testimony of police officers. It is undisputed that, after the County Court denied the challenges for cause to these two prospective jurors, the defendant exercised peremptory challenges and subsequently exhausted all of his peremptory challenges.

The two prospective jurors had "a state of mind that [was] likely to preclude [them] from rendering an impartial verdict" (CPL 270.20 [1] [b]), and they did not provide to the County Court "an unequivocal assurance" that they could "set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson*, 94 NY2d 600, 614 [2000]; see *People v Howard*, 81 AD3d 404 [2011]; *People v Lewis*, 71 AD3d 1582, 1583 [2010]). Accordingly, the County Court should have granted the challenges for cause with respect to these two prospective jurors, and the matter must be remitted to the County Court, Suffolk County, for a new trial.

In addition, the County Court improvidently exercised its discretion when it determined that, if the defendant chose to testify at the trial involving, inter alia, four counts of robbery in the first degree, he could be asked whether he had been convicted in 1998 of attempted robbery in the second degree. Although "questioning concerning other crimes is not automatically precluded simply because the crimes to be inquired about

are similar to the crimes charged" (*People v Pavao*, 59 NY2d 282, 292 [1983]; *see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Walker*, 83 NY2d 455, 459 [1994]), "cross-examination with respect to crimes or conduct similar to that of which the defendant is presently charged may be highly prejudicial, in view of the risk, despite the most clear and forceful limiting instructions to the contrary, that the evidence will be taken as some proof of the commission of the crime charged rather than be reserved solely to the issue of credibility" (*People v Sandoval*, 34 NY2d 371, 377 [1974]). Under the circumstances presented here, including the fact that the conviction was more than 10 years old and the existence of other convictions which were also probative of the defendant's credibility but which were dissimilar to the crimes charged herein, the probative value of impeaching the defendant's credibility by questioning him about the 1998 robbery was so outweighed by the danger of undue prejudice that exclusion was warranted (*see People v Eddins*, 143 AD2d 355, 360 [1988]; *see also* Prince, Richardson on Evidence § 6-410 [Farrell 11th ed]; *cf. People v Sokolov*, 245 AD2d 317 [1997]).

We further note that the County Court erred in failing to set forth specific reasons supporting its determination to sentence the defendant as a persistent felony offender (*see* Penal Law § 70.10 [2]; *People v Rivera*, 60 AD3d 788, 790 [2009], *mod* 15 NY3d 207 [2010]; *People v Bazemore*, 52 AD3d 727, 727-728 [2008]; *People v Murdaugh*, 38 AD3d 918, 919-920 [2007]).

In light of our determination, we need not reach the defendant's remaining contentions. Rivera, J.P., Belen, Sgroi and Miller, JJ., concur.