■ The People of the State of New York, Respondent, v Lindel Buggsward, Appellant. [961 NYS2d 313]—

Appeal by the defendant from a judgment of the County

Court, Suffolk County (Braslow, J.), rendered August 11, 2009, convicting him of burglary in the first degree (two counts), robbery in the first degree (four counts), criminal possession of a weapon in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant and his codefendant, Bernard Brothers, were jointly tried for offenses arising from a home invasion. The defendant contends that the trial court erred in denying his challenge for cause to two prospective jurors, because those prospective jurors had a state of mind that was likely to preclude them from rendering an impartial verdict based upon the evidence adduced at trial (see CPL 270.20 [1] [b]). For the reasons stated in our decision on the codefendant's appeal (see People v Brothers, 95 AD3d 1227 [2012]), we agree with the defendant that the trial court erred in denying his challenge for cause to the two prospective jurors. Accordingly, the judgment must be reversed and a new trial ordered.

As the issue is likely to arise in the new trial, we note that the defendant's contention that the trial court's Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) was an improvident exercise of discretion is without merit (see People v Andujar, 101 AD3d 1039 [2012]; People v Robinson, 262 AD2d 505, 506 [1999]; People v Smith, 248 AD2d 568, 569 [1998]).

We further note that the trial court erred in failing to set forth specific reasons supporting its determination to sentence the defendant as a persistent felony offender, an omission that should not be repeated in the event of a conviction following the defendant's new trial (see People v Bazemore, 52 AD3d 727 [2008]; People v Murdaugh, 38 AD3d 918 [2007]).

In light of our determination, we need not reach the defendant's remaining contentions. Mastro, J.P., Austin, Cohen and Miller, JJ., concur.