Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered February 9, 2010, convicting him of kidnapping in the second degree, sex trafficking, promoting prostitution in the third degree, unlawful imprisonment in the first degree, and assault in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in compliance with Penal Law § 70.10 and CPL 400.20.
The decision whether to declare a mistrial necessarily rests in the broad discretion of the trial court, which is best situated to consider all the circumstances, and its determination is entitled to great weight on appeal (see People v Diggs, 25 AD3d 807, 808 [2006]; People v Lagerence, 197 AD2d 593 [1993]). Contrary to the defendant’s contention, the Supreme Court providently exercised its discretion in denying his motion for a mistrial, since the reference to defendant’s incarceration was brief, counsel failed to object, and counsel declined the trial court’s offer to give a curative instruction (see generally People v Santi *756 ago, 52 NY2d 865, 866 [1981]; People v Moore, 148 AD2d 754, 754-755 [1989]; People v Banks, 130 AD2d 498, 499 [1987]).
The defendant’s contention that the Supreme Court’s procedure for handling certain jury notes violated the procedure set forth by the Court of Appeals in People v O’Rama (78 NY2d 270, 277-278 [1991]) is unpreserved for appellate review (see People v Ramirez, 15 NY3d 824 [2010]), and we decline to review it in the exercise of our interest of justice jurisdiction (see CPL 470.05 [2]). Furthermore, the alleged errors did not constitute mode of proceedings errors, which would obviate the preservation requirement (see People v Walston, 101 AD3d 1156 [2012]; People v Alcide, 95 AD3d 897, 898 [2012], lv granted 19 NY3d 956 [2012]; People v Bryant, 82 AD3d 1114, 1114 [2011]; cf. People v Lockley, 84 AD3d 836 [2011]).
Although the defendant’s contention regarding his adjudication as a persistent felony offender is unpreserved for appellate review (see People v Proctor, 79 NY2d 992 [1992]; People v Flores, 40 AD3d 876, 877 [2007]), we reach it in the exercise of our interest of justice jurisdiction (see People v Bazemore, 52 AD3d 727 [2008]; People v Murdaugh, 38 AD3d 918, 919 [2007]; People v Rosario, 300 AD2d 512, 513 [2002]). The Supreme Court erred in failing to provide proper notice of the persistent felony offender hearing pursuant to CPL 400.20 (l)-(4), and to set forth specific reasons supporting its determination to sentence the defendant as a persistent felony offender (see Penal Law § 70.10 [2]; People v Brothers, 95 AD3d 1227, 1229 [2012]; People v Rivera, 60 AD3d 788 [2009]; People v Bazemore, 52 AD3d 727, 727-728 [2008]; People v Murdaugh, 38 AD3d 918, 919-920 [2007]). Accordingly, we vacate the sentence and remit the mater to the Supreme Court, Queens County, for resentencing in compliance with Penal Law § 70.10 and CPL 400.20.
In light of our determination, we need not reach the defendant’s remaining contention. Dillon, J.P, Angiolillo, Austin and Hinds-Radix, JJ., concur.