■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDEL BUGGSWARD, Appellant. [28 NYS3d 327]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered March 6, 2014, convicting him of burglary in the first degree (two counts), robbery in the first degree (four counts), criminal possession of a weapon in the second degree, and resisting arrest, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was originally convicted of all charges against him in this case after a trial. The judgment of conviction was reversed by this Court and a new trial was ordered (*see People v Buggsward*, 104 AD3d 865 [2013]). The defendant subsequently pleaded guilty to all charges against him.

The defendant's contention regarding the denial of his pretrial motion to suppress testimony regarding a showup identification, his contention that his previous counsel was ineffective for failing to reopen the *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]), and his pro se contention that the police lacked probable cause to arrest him are not properly before this Court, as those contentions could have been raised on the defendant's appeal from his original judgment of conviction (*see People v Curtis*, 119 AD3d 705 [2014]; *People v Licitra*, 125 AD2d 592 [1986]).

While the defendant also contends that counsel who represented him at his plea was ineffective for failing to file a motion for a *Dunaway* hearing (*see Dunaway v New York*, 442 US 200 [1979]), by pleading guilty, the defendant forfeited appellate review of any claim of ineffective assistance of counsel at his plea that does not directly involve the plea bargaining process, including the failure to make a motion for a pretrial hearing (*see People v Petgen*, 55 NY2d 529, 535 [1982]; *People v Donovan*, 133 AD3d 615 [2015]; *People v McGuire*, 122 AD3d 947 [2014]). Hall, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.